UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAITLIN M.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:24-CV-1535-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

## I. BACKGROUND

Plaintiff filed applications for SSI and DIB on June 29, 2022. Administrative Record (AR) 22. Her alleged date of disability onset is April 30, 2022. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on November 29, 2023. AR 39–66. On February

29, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 19–38. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 5–11. On June 27, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 4.

The ALJ found Plaintiff had the following severe impairments: migraine headaches, generalized anxiety disorder, depressive disorder, and substance abuse managed by suboxone. AR 24. She found Plaintiff had the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs but never ladders, ropes, or scaffolds, frequently balance, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to and can occasionally work around vibration, and hazards such as moving machinery or unprotected heights. She can perform work that involves simple routine tasks requiring no more than short simple instructions and simple work related decision making with few work place changes.

AR 28.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in assessing her subjective symptom testimony regarding her migraine headaches and in assessing the medical opinion evidence of Hong An Ngo, DO. Dkt. 9.

A.     **Subjective Symptom Testimony Regarding Migraines**

Plaintiff challenges the ALJ's assessment of her testimony about the severity and limiting effects of her migraine headaches. Dkt. 9 at 2–9. Plaintiff testified she has migraines four to five times per week. AR 57–58. They "can last anywhere from four hours to four days." AR 47. They make it "impossible to function," cause "uncontrolled vomiting," blurred eyesight, irritability, constipation, stiffness, spasms, and numbness. AR 46–47, 56–57. The ALJ was required to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); AR 29. The ALJ described much of the medical evidence and gave several reasons for finding Plaintiff's testimony unpersuasive, which met this standard. *See* AR 29–31.

First, the ALJ discounted Plaintiff's testimony based on her lack of emergency or inpatient treatment. *See* AR 31. The ALJ can properly consider the conservative or limited nature of treatment sought. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (upholding ALJ determination that "inferred [claimant's] pain was not as all-disabling as he reported in light of the fact that he did not seek an aggressive treatment program").

The relevant inquiry for whether a claimant's treatment was conservative turns not upon whether the treatment sought was conservative in the abstract but, rather, upon whether a claimant experiencing the symptoms testified to would be expected to seek further treatment. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment appropriate basis to reject testimony because it suggests alleged pain was "not severe enough to motivate [the claimant]" to seek further treatment); SSR 16-3p (ALJ may discount testimony where the "extent of the treatment sought by [the claimant] is not comparable with the degree of the individual's subjective complaints").

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

Here, Plaintiff testified she experienced extreme symptoms while experiencing migraines (including changes in eyesight, uncontrolled vomiting, and full loss of functioning) and that her migraines sometimes lasted for several days. *See* AR 46–47, 56–57. A reasonable mind could conclude that an individual experiencing such symptoms would, at some point over a two- to three-year period, seek emergency or inpatient treatment. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).[1] The ALJ's finding was a reasonable one and was "sufficient to discount [Plaintiff's] testimony regarding severity." *Parra v. Astrue,* 481 F.3d 742, 750–51 (9th Cir. 2007).

Second, the ALJ pointed to evidence of improvement in Plaintiff's condition from Botox treatments during the relevant period. *See* AR 31. The ALJ described Plaintiff's improvement while summarizing the medical evidence. *See* AR 29–30. After the first several injections Plaintiff received, she reported some improvement in her symptoms (*see* AR 562, 810, 831), although she had been warned that it could take several months before the treatment "kick[ed] in" (AR 562). After two appointments in 2023, she reported at least a 30 percent improvement in the severity and duration of her migraines (AR 774, 710) and that she had less nausea (AR 710). She reported over a 50 percent improvement after receiving her fifth injection in October 2023 (AR 663–64). From this evidence, the ALJ reasonably concluded Plaintiff's symptoms improved during the relevant period.

---

[1] Plaintiff's sole argument in response is that she has pursued appropriate treatment because she had been warned by some providers against overusing medication. *See* Dkt. 9 at 6 (citing AR 319). But the Court cannot discern why Plaintiff would necessarily be given further medication if she sought emergency or inpatient treatment; indeed, that providers were concerned about overmedication also supports the opposite conclusion. Moreover, the treatment note relied upon by Plaintiff (AR 319) cautioned her against using her medications in doses beyond those prescribed to her but did not caution her against seeking further care that might result in additional prescriptions for her medications.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

Plaintiff testified—about a month after she indicated her symptoms improved over 50 percent—that her symptoms nevertheless made it impossible to function and caused uncontrolled vomiting. AR 46–47. Although the evidence of improvement does not suggest Plaintiff was asymptomatic, evidence of a significant (30 to 50 percent) improvement can reasonably be found inconsistent with testimony of extreme, debilitating symptoms after that improvement. For this reason, the ALJ reasonably found such substantial improvements reflected in the medical evidence to be at odds with Plaintiff's symptom testimony.[2] "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)). "It is not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022).

Third, the ALJ discounted the opinion because Plaintiff "was able to attend all of her consultations independently without any noted need to reschedule, and otherwise, was never observed with poor balance, unable to ambulate normally, or experiencing any of the vomiting, photophobia, or extreme phonophobia symptoms she has otherwise reported." AR 30; *see also* AR 31 (listing same conclusion as reason for rejecting Plaintiff's testimony). This was, at the very least, a proper consideration. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

---

[2] True, as Plaintiff argues (Dkt. 9 at 7–8), the evidence of improvement is not apparently inconsistent with her testimony as to the frequency of her migraines; she testified she experienced four to five migraines a week and she reported to providers that after injections she experienced about 12 per month (AR 663–64) or 17 to 20 per month (AR 710). But this does not cast doubt upon the ALJ's conclusion about the severity of her symptoms, the focus of the ALJ's discussion of Plaintiff's subjective symptom testimony.

Here, Plaintiff testified she had migraines at least four days a week at the time she testified, and, prior to her injections, had migraines daily, and that these migraines lasted at least four hours. *See* AR 47, 57–58. Although, as Plaintiff points out (Dkt. 12 at 2), she only attended one or two medical appointments per month, given the reported frequency of her migraines, one might reasonably expect at least some of her alleged symptoms to manifest at those appointments over the two- to three-year period covered by the medical record. Plaintiff did cancel one lab appointment due to nausea (*see* AR 580–81), but this does little to counter the ALJ's general impression of a paucity of medical evidence corroborating her symptom testimony.

Plaintiff contends the ALJ's assessment of the medical evidence was deficient because she failed to address findings of hypertonia (an abnormal increase in muscle tone) in physical examinations throughout the treatment record. Dkt. 9 at 5. Evidence of hypertonia may suggest a possible cause of Plaintiff's migraines or some of her symptoms, but the existence of hypertonia on examination does not corroborate any particular symptoms alleged by Plaintiff, nor does it say anything about the extent to which she experienced those symptoms. The only evidence in the record tying Plaintiff's symptoms to hypertonia consists of one provider suggesting in two notes that hypertonia may generally worsen Plaintiff's symptoms. S*ee* AR 319, 442. But even this does not establish that notations of hypertonia are indicative of particular baseline symptoms or that she had any particular inhibitions. Additionally, the provider's suggestion was made in June 2022, prior to Plaintiff's injections, which the ALJ reasonably found improved her baseline symptoms, so the notes were not probative as to Plaintiff's post-injection functioning. Thus, the evidence of hypertonia in the record does not cast doubt upon the ALJ's assessment of the medical evidence.

1     Finally, the ALJ reasonably found Plaintiff's travel, including a trip out of state to Disney

2 World, to be inconsistent with the extent of Plaintiff's alleged symptoms. *See* AR 32. Given

3 Plaintiff's testimony of frequent, debilitating symptoms, the ALJ could reasonably infer this was

4 inconsistent with her testimony. *See Tommasetti*, 533 F.3d at 1040 ("The ALJ could properly

5 infer from this fact [that the claimant traveled to Venezuela] that [he] was not as physically

6 limited as he purported to be.").

7     The ALJ gave specific, clear, and convincing reasons for rejecting Plaintiff's testimony.

8 The Court need not consider the ALJ's remaining reasons, as any error with respect to those

9 reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an ALJ's

10 error in discounting subjective testimony "is harmless so long as there remains substantial

11 evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's

12 ultimate conclusion.") (quotation omitted).

13 **B.    Medical Opinion of Dr. Ngo**

14     In August 2022, treating provider Dr. Ngo completed a form about Plaintiff's ability to

15 participate in work activities. *See* AR 846–49. He opined Plaintiff would be unable to participate

16 in work, looking for work, or preparing for work for more than zero hours per week. *See* AR

17 846. He based the opinion on Plaintiff's migraines, post-traumatic stress disorder (PTSD), and

18 anxiety. *See id.*

19     For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give

20 any specific evidentiary weight, including controlling weight, to" particular medical opinions,

21 including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

22 Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's

23 persuasiveness, considering each opinion's "supportability" and "consistency," and, under some

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c).

The ALJ found the opinion unpersuasive. AR 32. With respect to its supportability, the ALJ found the opinion was not supported by Dr. Ngo's "own observations of the claimant, who was never noted as unable to ambulate, sit through exams, tolerate clinic lights or noise, and otherwise, had normal mental status exams." *Id.*

Because supportability concerns the objective medical evidence presented by the source, the paucity of abnormal findings from Dr. Ngo was a proper basis for discounting the opinion. *See* 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1); *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings).

Plaintiff raises two arguments in response. First, Plaintiff argues the ALJ erred by failing to consider the abnormal results of hypertonia and tenderness in some of Dr. Ngo's treatment notes. Dkt. 9 at 11. But Dr. Ngo's treatment notes do not suggest a relationship between Plaintiff's migraines and hypertonia; Dr. Ngo was not the provider who hypothesized Plaintiff's headaches worsened due to hypertonia. *See* AR 319, 442. As discussed, although such evidence may confirm a particular cause of Plaintiff's migraines and some of her symptoms, it is not probative as to which symptoms Plaintiff experienced and to what extent she experienced them. Dr. Ngo's notations of hypertonia and tenderness would not support an opinion that Plaintiff would be unable to work for any amount of time.

Second, Plaintiff argues her migraines were "the primary basis" for the opinion, so the lack of abnormal mental status examinations was inapposite. *See* Dkt. 9 at 11–12. But given Dr.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8

Ngo listed Plaintiff's PTSD and anxiety as impairments on which he was basing his opinion (AR 846), the ALJ reasonably interpreted the opinion as being partially based on those impairments. Even if Plaintiff's migraines were the primary basis for the opinion, however, as discussed, the ALJ reasonably found the migraine-related treatment records were insufficient to support Dr. Ngo's opinion that Plaintiff would be unable to work any amount of time in a given week.

In sum, the ALJ properly discounted Dr. Ngo's opinion based on its lack of supportability. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina*, 674 F.3d at 1115; *Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability and consistency factors to be adequate basis to affirm).

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 24th day of March, 2025.

David W. Christel
United States Magistrate Judge